50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Denise BLOSSOM-FOSSETT, Plaintiff-Appellant,
v.
GOLDEN AGE FISHERIES, a Washington corporation, Pacific
Orion Seafoods, Inc., a Washington corporation,
Defendants-Appellees.
 No. 93-36127.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1995.
Decided March 7, 1995.
 
 1
 Before: ALARCON and BRUNETTI, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Denise Blossom-Fossett filed a claim under general admiralty law for maintenance and cure from her former employer, Golden Age Fisheries. The district court concluded that her claim was time barred, granted Golden Age's motion for summary judgment, and denied Blossom-Fossett's motion to reconsider. We affirm.
 
 
 4
 Both parties argue that Blossom-Fossett's cause of action accrued on the date when payment of maintenance and cure ceased.[1] On the basis of the affidavit of Golden Age's claims adjuster, which states such payments were made until October 23, 1989, the district court concluded those payments ceased on that date. When the district court issued its decision, no evidence in the record indicated to the contrary. Upon her motion for reconsideration of that decision, Blossom-Fossett submitted a billing statement indicating that a medical report was requested from her doctor on April 25, 1990, and that it was paid for on May 17, 1990. The purchase of a medical report is not a provision of maintenance and cure and therefore does not undermine the conclusion that Blossom-Fossett's cause of action accrued on October 23, 1989.
 
 
 5
 We need not decide whether the three year statute of limitations applicable to maritime torts, 46 U.S.C. Sec. 763a, or the defense of laches applies to Blossom-Fossett's claim. Compare Chacon-Gordon v. Eugenio "C", 1987 A.M.C. 1886 (S.D.Fla.1987), with McKinney v. Waterman Steamship Corp., 739 F.Supp. 678 (D.Mass.1990) aff'd, 925 F.2d 1 (1st Cir.1991). Regardless of which applies, the district court correctly concluded that her claim was time barred.
 
 
 6
 If Sec. 763a applies, her claim was clearly barred because three years passed between the date that her cause of action accrued, October 23, 1989, and the date that she filed her claim, January 14, 1993. If the defense of laches applies, we look to that three year period to guide our laches analysis. See McKinney, 739 F.Supp. at 680-82; Sandvik v. Alaska Packers Ass'n, 609 F.2d 969, 971-72 (9th Cir.1979). Therefore, since that period expired before she filed her claim, we presume that Golden Age was prejudiced by her delay in bringing suit, and that her delay was inexcusable. See Sandvik, 609 F.2d at 972-73. Blossom-Fossett has not provided sufficient evidence to overcome these presumptions.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In her brief to this court Blossom-Fossett also argues that her cause of action accrued on the date that she permanently ceased working for Golden Age's predecessor. Because she did not make this argument below, we decline to consider it on appeal. Kline v. Johns-Manville, 745 F.2d 1217, 1221 (9th Cir.1984)